```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

J. M. HUBER CORPORATION       *         CIVIL ACTION

VERSUS                        *         NO: 04-2870

COMSTOCK OFFSHORE, LLC        *         SECTION: "D"(5)
```

**ORDER AND REASONS**

Before the court are the following motions:

(1) **"Motion to Reopen Case"** filed by Plaintiff and Defendant in Counter-Claim, J.M. Huber Corporation; and

(2) **"Motion to Compel Arbitration"** filed by Defendant and Plaintiff in Counter-Claim, Comstock Offshore, L.L.C.

The motions, set for hearing on Wednesday, April 11, 2007, are respectively opposed and they are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

Under a Joint Operating Agreement (JOA), Huber was allegedly the Operator of Record of certain oil and gas wells offshore

Louisiana, and Comstock allegedly agreed to participate as a Non-Operator. (Complaint, ¶5). Further, pursuant to the JOA, Huber allegedly was to pay all expenses incurred in the development and operation of the contract area and charge Comstock through Joint Interest Billings (JIBs) its proportionate share upon the expense basis set out in the JOA. (*Id*. at ¶6).

Prior to filing this suit, Huber allegedly sold its interest in the subject leases to Marlin Energy Offshore, L.L.C. (*Id*. at ¶12). Pursuant to the provisions of JOA and concurrent with the sale of Huber's interests to Marlin, Huber allegedly requested Comstock and the other non-operating interest, Pierce Junction, to consent to the change of Operator from Huber to Marlin. (*Id*. at ¶ 14).

In this lawsuit, Huber initially sued Comstock for its alleged failure to pay all JIB statements when due, and Huber also sought a Declaratory Judgment requiring Comstock to sign the change of Operator forms for the property that was no longer being operated by Huber. Comstock filed a counter-claim against Huber seeking the return of allegedly overpaid JIBs and Comstock sought a Declaratory Judgment requiring Huber to allow Comstock to audit the JIB accounts for years 2002 and 2003.

On June 2, 2005, the parties filed a Motion to Stay Proceedings stating that:

> 2.
>
> Comstock has recently signed the Change of Operator forms at issue here. In response, Huber has agreed to allow Comstock to conduct full audits for the **years 2002 and 2003**. These actions have rendered the Declaratory Judgment actions moot. Additionally, **the parties have jointly agreed to attempt to resolve the matter following the audits either by mediation or arbitration.**
>
> 3.
>
> Due to these recent developments, an October 17, 2005 trial date and pending discovery and expert deadlines, Huber and Comstock move the Honorable Court for a stay of this Litigation in order to allow Comstock the time necessary to proceed with the audits and subsequent attempt by the parties to resolve these matters, in full, without Court involvement.

(*See* Motion to Stay Proceedings, Doc. No. 14, p. 2, emphasis added).

The court granted the Motion to Stay, staying the matter and administratively closing it. (Doc. No. 15). In its **"Motion to Reopen Case,"** Huber represents that Comstock has conducted its audit of the Joint Interest Billing accounts for 2002 and 2003, and the parties have been unable to resolve the issues between them, "leaving this lawsuit as the only avenue for resolution." (Huber's memo., Doc. No. 16-2, at p. 2). However, Comstock responds that this case should not be reopened "because it is undisputed that Huber has neither mediated nor arbitrated its dispute with

3

Comstock." (Comstock's Opp., Doc. No. 25 at p. 2). Comstock argues that the parties' agreement reflected in the Motion to Stay (quoted above under enumerated paragraph 2) is a binding arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. §2. (*Id*. at p. 3). Thus, Comstock has filed a **"Motion to Compel Arbitration."**

Comstock attaches to its Motion to Compel Arbitration, the Declaration of W. Scott Hastings, an attorney for Comstock, who declares in part:

> After the parties were unable to resolve their dispute through informal discussions, Comstock sent a proposed arbitration agreement to Huber's lawyer on March 7, 2007. A true and correct copy of that proposed agreement is attached a Exhibit "1" to this declaration. Also, on March 7, 2007, Huber's attorney, Mr. Knister, sent a proposed arbitration agreement to me. A true and correct copy of Huber's proposed arbitration agreement is attached as Exhibit "2" to this declaration.

(*See* Hastings Declaration and attached Exhibits, Doc. 23-4).

The court concludes that there is no enforceable arbitration agreement. In the Motion to Stay, "**the parties ... jointly agreed to attempt to resolve the matter following the audits [for years 2002 and 2003] either by mediation or arbitration."** ((*See* Motion to Stay Proceedings, Doc. No. 14, p. 2, emphasis added). As evidenced by the *proposed* Arbitration Agreements attached to

4

Comstock's Motion to Compel Arbitration, the parties have exchanged arbitration agreements, but no arbitration agreement has been agreed upon and executed. Further, in Comstock's proposed arbitration agreement, Comstock "has requested that Huber permit Comstock to undertake an additional joint interest audit." (*See* Ex. 1 attached to Hastings Declaration, Doc. No. 23-2). On the other hand, the court finds that through its proposed arbitration agreement, Huber has complied with any obligation created by Paragraph 2 of the Motion to Stay by *attempting* to arbitrate with Comstock.

Accordingly;

**IT IS ORDERED** that the **"Motion to Compel Arbitration"** filed by Defendant and Plaintiff in Counter-Claim, Comstock Offshore, L.L.C., be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **"Motion to Reopen Case"** filed by Plaintiff and Defendant in Counter-Claim, J.M. Huber Corporation, be and is hereby **GRANTED**, placing this case back on the court's active trial docket; and

**IT IS FURTHER ORDERED** that a **Telephone Conference** be conducted by the Courtroom Deputy with counsel of record on **Thursday, April 26, 2007, at 11:00 a.m.** to schedule dates for the Trial, Pre-Trial Conference and all attendant cut-off dates.

New Orleans, Louisiana, this **10th** day of **April**, **2007**.

```
                    _____
                            A.J. McNAMARA
                    UNITED STATES DISTRICT JUDGE
```